UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL DON J., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN J. O'MALLEY, Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 1:23-cv-00418-AKB-REP <br><br> **ORDER ADOPTING REPORT AND RECOMMNDATION** |

Before the Court is a Report and Recommendation entered by United States Magistrate Judge Raymond Edward Patricco, Jr. (Dkt. 23) and Plaintiff Michael Don J.'s Objection (Dkt. 24). For the reasons explained below, the Court overrules the Objection, adopts the Report and Recommendation in its entirety, and affirms the Commissioner's decision.

## BACKGROUND

The Report and Recommendation correctly states the case's background. (Dkt. 23). Plaintiff is a fifty-year-old man who suffers from ulcerative colitis and primary sclerosing cholangitis (PSC). On October 20, 2020, Plaintiff filed an application for social security disability income ("SSDI") alleging a disability onset date of April 4, 2020. The claim was denied initially and on reconsideration, and Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). (*Id.*). On March 17, 2022, the claim went to a hearing before ALJ David Willis. (*Id.*). On June 22, 2022, the ALJ issued a decision that was unfavorable to Plaintiff. In June 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security.

ORDER – 1

Plaintiff then filed a complaint in this Court seeking judicial review under the Social Security Act. In his complaint, Plaintiff raises two points of error. First, Plaintiff contends that the ALJ improperly rejected the opinions of his primary care provider, Dr. Lois Niska. Second, Plaintiff maintains that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony about the severity of his diarrhea, fatigue, and abdominal pain. On August 12, 2024, Judge Patricco issued his Report, recommending this Court affirm the Commissioner's decision, deny Plaintiff's Complaint for Judicial Review, and dismiss this action with prejudice. (Dkt. 23 at p. 19). Plaintiff timely objects to that Report.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report to which objection is made." *Id.* Where, however, no objections are filed, the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). In this case, Plaintiff filed objections and the Court has conducted a de novo review of those portions of the Report as well as the record in this matter.

## ANALYSIS

In his Report, Judge Patricco found that the ALJ reasonably evaluated a medical opinion from Plaintiff's treating physician, Lois R. Niska, D.O., and properly assessed the impact of Plaintiff's impairments on his ability to function. (Dkt. 23 at pp. 6-13). Plaintiff objects to the Report to the extent it affirmed the ALJ's rejection of Dr. Niska's opinion about the severity of

Plaintiff's conditions "in light of the Ninth Circuit holding in *Smith v. Kijakazi*, 14 F.4th 1108 (9th Cir. 2021)." (Dkt. 24 at p. 1).

In *Smith*, the Ninth Circuit acknowledged symptoms may fluctuate over time for many individuals with mental health conditions and held the ALJ erred in discrediting certain medical opinions as unreliable "because the [ALJ] did not adequately consider the progression of [the claimant's] symptoms over time in making her credibility determinations." 14 F.4th at 1115. As the Ninth Circuit explained in *Smith*:

> [W]e have previously observed that in many mental health conditions, "[c]ycles of improvement and debilitating symptoms are a common occurrence." We therefore held that "in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement . . . and to treat them as a basis for concluding a claimant is capable of working." *Physician reports of "improvement" are thus not "sufficient to undermine the repeated diagnosis of [the alleged mental health] conditions" in an earlier physician's report or render the earlier medical opinions "inconsistent" and so not credible.*

*Id.* at 1115-16 (emphasis added). Yet, in *Smith*, the ALJ gave more credence to an opinion by a provider who highlighted the claimant's "later improvements" and discredited earlier opinions of providers who reported more severe symptoms. *Id.* at 1116. The Ninth Circuit therefore concluded that the ALJ in *Smith* erred by failing to consider whether the earlier medical opinions were reliable evidence of the claimant's functioning in that earlier period and instead sought "only a single medical opinion of [the claimant's] general capacity over the entire period." *Id.*

Relying on *Smith*, Plaintiff argues in this case that the ALJ erred in discounting Dr. Niska's medical opinion—which Plaintiff reads as compelling a finding he was disabled as of April 4, 2020—as reliable evidence of Plaintiff's functioning for the period during which it was rendered, i.e., March 2022. Plaintiff contends that "records from more than a year prior to Dr. Niska's opinion do not show that Dr. Niska was wrong at the time he offered the opinion," as imaging

from January 2022 does indicate a worsening of Plaintiff's bile duct. (Dkt. 24 at p. 2). Plaintiff therefore asks that "the ALJ's decision be remanded for a full and fair determination." (*Id.*).

First, whether *Smith* applies to this case is questionable because Plaintiff challenges the ALJ's evaluation of his physical conditions—as opposed to mental health conditions. *See, e.g.*, *Lachner v. Kijakazi*, No. 1:22-CV-01464-SKO, 2023 WL 8699011, at *10 (E.D. Cal. Dec. 15, 2023) (citing *Wendi M. v. Comm'r, Soc. Sec. Admin.*, No. 1:21-CV-01828-HZ, 2023 WL 315519, at *9 (D. Or. Jan. 18, 2023)) ("Plaintiff challenges the ALJ's consideration of her physical conditions, and the Court does not believe that *Smith* applies here."). Even if *Smith* did apply, unlike that case, the ALJ in this case provided "specific and legitimate reasons that [were] supported by substantial evidence" in discounting Dr. Niska's opinion. Moreover, Dr. Niska's opinion conflicted with the medical opinions of Drs. Coolidge and Arnold. *Smith*, 14 F.4th at 1114 ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.").

Here, as the Report accurately describes, "[t]he ALJ provided three, interrelated reasons for rejecting Dr. Niska's opinions about the severity of [Plaintiff's] conditions," including that: (1) Dr. Niska's treatment notes did not match her conclusions; (2) Dr. Niska's opinions were inconsistent with the documented improvements in Plaintiff's conditions with prescribed medications; and (3) Dr. Niska's opinions were more extreme than would be expected based "on the record," which showed "little to no evidence of recurring emergent care and treatment notes . . . generally within normal limits." (Dkt. 23 at pp. 9-12) (citing AR 22). The ALJ's analysis in this regard "appropriately focused on the supportability and consistency of Dr. Niska's opinion," (*id.* at p. 9) (citing 20 C.F.R. § 404.1520c(b)(2)). Further, unlike in *Smith*, the ALJ in this case did not

ORDER – 4

seek only a single medical opinion of Plaintiff's general capacity over the entire period. Rather, the ALJ found all three medical opinions in this case "less than persuasive" and instead focused on the entire record in finding the severity of Plaintiff's conditions lay somewhere in the middle between the opinions of Dr. Coolidge and Dr. Niska.

As the Report explains, simply because a reasonable jurist *could* have given more weight to Dr. Niska's opinions and to records from the end of the period of alleged disability, which indicated Plaintiff's conditions may have been worsening, the existence of such an alternative reading of the record "does not justify relief on appeal." (Dkt. 23 at p. 13). The question on appeal is not whether substantial evidence exists to support the claimant's preferred findings, but whether substantial evidence supports the ALJ's findings. *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). A court may not reweigh the evidence or substitute its judgment for that of the ALJ in determining whether substantial evidence exists. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). So long as substantial evidence supports the ALJ's conclusions, such conclusions must be affirmed.

Substantial evidence exists in this case to support the ALJ's rejection of Dr. Niska's opinion regarding the severity of Plaintiff's symptoms. Accordingly, the Court overrules the Objection, adopts the Report and Recommendation in its entirety, and affirms the Commissioner's decision.

## ORDER

**IT IS HEREBY ORDERED**:

1. The Report and Recommendation entered on August 12, 2024 (Dkt. 23), is **INCORPORATED** and **ADOPTED** in its entirety;

2. The decision of the Commissioner is **AFFIRMED**;

3. The Complaint for Judicial Review (Dkt. 1) is **DENIED**, and this action is **DISMISSED**, with prejudice, as outlined in the Report and Recommendation;

4. The Court will enter a separate judgment in favor of Defendant in accordance with Federal Rule of Civil Procedure 58.

DATED: September 24, 2024

Amanda K. Brailsford
U.S. District Court Judge